UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DAVID CHAPPELL AND LISA CHAPPELL, <br><br><br> Plaintiffs, <br><br> vs. <br><br><br> SRT EXPRESS, INC. AND OMAR CUNNINGHAM, <br><br><br> Defendants. | 5:24-CV-05068-ECS <br><br><br><br> ORDER AWARDING SANCTIONS FOR SPOLIATION OF EVIDENCE |

In this vehicle accident case, David and Lisa Chappell ("Chappells") move for sanctions against the truck owner, SRT Express, Inc. ("SRT") for spoliation of electronically stored information ("ESI") under Federal Rule of Civil Procedure 37(e).[1] The truck driver, Omar Cunningham, has been defaulted already,[2] but SRT filed opposition to the spoliation motion.[3] Having considered the parties' briefs and submissions, the Court grants spoliation sanctions. An

---

[1] Dkt. Nos. 44; 46.
[2] Dkt. No. 43.
[3] Dkt. Nos. 48; 49.

1

adverse inference instruction will be given permitting, but not requiring, the jury to presume the content of the truck's ESI was adverse to SRT.

## BACKGROUND

On December 11, 2021, the Chappells and Cunningham were involved in an icy two-vehicle accident.[4] Cunningham, while employed with and driving a semi-truck for SRT, rear-ended the Chappells' car on the interstate.[5] Cunningham refused to cooperate or participate in the ensuing litigation, which resulted in a default judgment being entered against him.[6]

Eleven days after the accident, the Chappells sent SRT a preservation letter identifying specific categories of ESI to be preserved.[7] SRT received and passed the letter on to its insurance company, but the ESI was not kept.[8] SRT's truck remained in a repair facility for about five months following the crash.[9] The truck's ESI vendor retained data for up to three years.[10] But, by the time SRT's corporate representative was deposed on August 21, 2025, the ESI was lost forever because the three-year retention period had passed.[11] The ESI existed and was producible at the time the preservation letter was sent, but SRT did not save the information.

The Chappells moved for sanctions or curative measures under Rule 37(e) by way of an adverse jury instruction and preclusion of a contributory negligence defense.[12] They stress the importance of the ESI because Cunningham—who they contend was negligent—is in the wind.[13]

---

[4] Dkt. No. 1.
[5] *Id.*
[6] Dkt. No. 43.
[7] Dkt. No. 45-1.
[8] Dkt. No. 45-2 at 7:7–16; 8:21–23.
[9] *Id.* at 10:7–13.
[10] Dkt. No. 45-2. at 5:4–14.
[11] *Id.*
[12] Dkt. Nos. 44; 46.
[13] Dkt. No. 46 at 4.

2

The lost ESI is, they say, the only objective evidence of the circumstances surrounding, and leading up to, the accident.[14] According to the Chappells, the ESI is relevant to both liability and damages and is routinely relied on to analyze fault and force of impact in commercial-vehicle cases.[15]

## DISCUSSION

### A.     Legal Standard

"Spoliation" is the "intentional destruction, mutilation, alteration, or concealment of evidence."[16] A court's power to impose spoliation sanctions comes from Rule 37(e).[17] This rule allows a court, in its discretion, to fashion an appropriate remedy for the spoliation of ESI.[18] The elements of ESI spoliation are: (1) the ESI was lost; (2) the ESI should have been preserved in the anticipation or conduct of litigation; (3) a party failed to take reasonable steps to preserve the ESI; and (4) the ESI cannot be restored or replaced through additional discovery.[19] "A party is obligated to preserve evidence once the party knows or should know that the evidence is relevant to future or current litigation."[20] "A court will view the duty to preserve relevant evidence 'from the perspective of the party with control of the evidence.'"[21] If a court finds that the party "acted with the intent to deprive another party of the information's use in the litigation," then the court may impose the more severe measures outlined in Rule 37(e)(2).[22] "The remedy should fit the wrong,"

---

[14] *Id.*

[15] *Id.*

[16] *Spoliation*, Black's Law Dictionary (11th ed. 2019).

[17] *Blazer v. Gall*, No. 1:16-CV-01046, 2019 WL 3494785, at *2 (D.S.D. Aug. 1, 2019); *see also* Fed. R. Civ. P. 37(e).

[18] Fed. R. Civ. P. 37(e)(1), (2) advisory committee's note to 2015 amendment.

[19] *Jones v. Hirschbach Motor Lines, Inc.,* No. 1:21-CV-01004, 2022 WL 4354856, at *2 (D.S.D. Sept. 20, 2022) (citing Fed. R. Civ. P. 37(e)).

[20] *FA ND CHEV, LLC v. Kupper*, No. 1:20-CV-138, 2023 WL 3225081, at *3 (D.N.D. Feb. 10, 2023) (quoting *Paisley Park Enters., Inc. v. Boxil*, 330 F.R.D. 226, 232 (D. Minn. 2019)).

[21] *Id.*

[22] *Hirschbach*, 2022 WL 4354856, at *2.

and such measures should not be used when the lost information "was relatively unimportant or a lesser measure . . . would be sufficient to address the loss."[23]

### B.    Lost ESI

The parties concede that the first element is met. The requested ESI from the truck has been lost.[24]

### C.    Preservation Duty

The next question is, should SRT have preserved the ESI in anticipation of litigation? The answer is yes.

"The obligation to preserve evidence begins when a party knows or should have known that the evidence is relevant to future or current litigation."[25] SRT's duty to preserve relevant evidence was triggered when the crash occurred and, for sure, when the company received the Chappells' preservation letter.[26]

To mitigate the intent factor of the spoliation, SRT points out that the preservation letter came from the Chappells' prior counsel, a Nevada law firm.[27] That firm never appeared in the case, and its only communication to SRT was the preservation letter, which was sent before SRT was represented by present counsel.[28] Even so, the firm that originally represented the Chappells spoke for them and SRT had a duty, upon receipt of the letter, to preserve the truck's ESI. SRT's failure

---

[23] Fed. R. Civ. P. 37(e)(2) advisory committee's note to 2015 amendment.

[24] Dkt. Nos. 46 at 6; 48-1 at 3.

[25] *Blazer,* 2019 WL 3494785, at *3 (citation omitted); *South Dakota Wheat Growers Ass'n v. Chief Indus., Inc.* 337 F. Supp. 3d 891, 914 (D.S.D. 2018) ("[I]f the corporation knew or should have known that the documents would have been material at some point in the future then such documents should have been preserved . . . [A] corporation cannot blindly destroy documents and expect to be shielded by a seemingly innocuous document retention policy.").

[26] *Hirschbach*, 2022 WL 4354856, at *2 (trucking company's "duty to preserve relevant evidence was triggered when the crash occurred and most certainly when the company's counsel received [plaintiff's] preservation of accident information letter").

[27] Dkt. No. 48-1 at 3–4.

[28] *Id.*

to retain the information though was negligent, not intentional or done in bad faith to conceal and gain an advantage.

### D.      Reasonable Steps to Preserve

The reasonableness of preservation efforts is assessed based on the blameworthy party's sophistication, resources, control over the ESI, and its data retention practices.[29] SRT forwarded the preservation letter to its insurance carrier.[30] But that was not enough. It should have notified the ESI vendor, the repair shop where the truck sat for five months, or taken action itself to preserve the data.

SRT points to its lack of sophistication and that the letter was sent before its current counsel was retained.[31] But, Ruslan Sargorodschi, the founder and owner of SRT, testified that when he received the letter, he "didn't pay attention, probably."[32] Failing to give due regard to a letter of this kind is not the type of good-faith and reasonable effort that can shield SRT from the jaws of a spoliation sanction.

SRT also claims that the discovery it has produced supplements the ESI that was lost.[33] The Chappells' refute this claim, arguing that SRT's time and distance speed calculation is a self-reported snapshot.[34] A "daily log" PDF does not prove either impact or continuous travel speed.[35] ESI is compelling objective evidence of the truck's operation before, and when, the collision took

---

[29] *Blazer*, 2019 WL 3494785, at *3.
[30] Dkt. No. 45-2. at 7:7–16.
[31] Dkt. No. 48-2 at 3–4.
[32] Dkt. No. 45-2 at 7:1–8.
[33] Dkt. No. 48-2 at 5.
[34] Dkt. No. 50 at 4.
[35] *Id.*

place. "Speed, braking, steering inputs, throttle, second by second GPS locations, and driver behavior immediately before impact are always relevant."[36]

Because the content of the ESI is highly relevant, and the efforts made to preserve it were lackluster at best, SRT loses on the third element as well.

### E.    Adequacy of Replacement Alternatives

A court must next determine whether alternative discovery can satisfactorily replace the lost ESI.[37] The Chappells maintain, and SRT concedes, that the ESI is lost and unrecoverable.[38] SRT, however, asserts that other discovery supplements the lost ESI.[39] But as already discussed, SRT's time and distance speed calculation is something Cunningham, the absconded driver, created. And the daily log SRT did provide, only gave a summary of the speed traveled that day, not the speed at the time of impact.[40] These self-reported productions do not replace the missing ESI—which objectively measured speed, braking, and steering—at, and just before, impact. They do not remedy the harm caused by the ESI spoliation.

With all four elements of ESI spoliation having been met, the Court must decide what sanction(s) should be imposed.

### F.    Sanctions

A court has the "discretion to choose the most appropriate sanction under the circumstances."[41] There are two sanction pathways. One only requires a finding of prejudice based on the lost information and allows for sanctions "no greater than necessary to cure the prejudice."[42]

---

[36] *Id.*
[37] Fed. R. Civ. P. 37(e).
[38] Dkt. Nos. 46 at 1; 48-1 at 3.
[39] Dkt. No. 48-2 at 5.
[40] *Id.*
[41] *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1022 (8th Cir. 1999).
[42] Fed. R. Civ. P. 37(e)(1).

The other requires intentional conduct "to deprive another party of the information's use in the litigation."[43] It invokes punitive sanctions, including dismissal of the case.[44]

SRT's actions were negligent, but not intentional concealment of discovery. So they fall into the first category—unintentional but prejudicial—and the sanction must be "no greater than necessary to cure the prejudice."[45]

### 1. Prejudice

While the Court has discretion to assess prejudice, an evaluation of the lost information's importance in the litigation is necessary.[46] The data contained in the truck's ESI is critical to the issues of liability and damages. The speed, braking, and steering used by Cunningham while driving on the icy roads is relevant to establish fault for the accident. What's more, the speed at which the truck was moving when it hit the Chappells' car is probative to assessing their injuries from the accident.

The only other evidence of how the accident occurred is the Chappells' testimony, since Cunningham is, and has been, on the lam. The loss of the ESI deprives the Chappells of the only objective evidence of what happened and requires a curative sanction.

### 2. Rebuttable Adverse Inference Instruction

The Chappells request both an adverse jury instruction for the lost ESI and a contributory negligence defense bar.[47] To cure the prejudice SRT caused the Chappells, jurors will be instructed that they *may* presume the content of the truck's ESI was adverse to SRT and Cunningham. But

---

[43] Fed. R. Civ. P. 37(e)(2).
[44] *Id.*
[45] Fed. R. Civ. P. 37(e)(1).
[46] Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment.
[47] Dkt. No. 46 at 16.

SRT will be allowed to rebut this presumption through reasonable argument. Stripping SRT of the affirmative defense of contributory negligence—its best and perhaps only real defense—goes too far and would be more punitive than curative. The dual sanction request the Chappells make is therefore granted in part and denied in part.

### 3. Attorney's Fees

A court may award attorney's fees and expenses for a discovery violation causing ESI loss.[48] Since the Chappells waive any cost claim for fees and expenses,[49] none will be awarded.

### CONCLUSION

SRT caused spoliation of critical evidence—ESI from the truck that was ticketed for running into the Chappells. Although the loss of such evidence was prejudicial, SRT did not discard it intentionally or in bad faith. So the Chappells are entitled to a rebuttable adverse inference instruction, the proper sanction for SRT's negligent handling of their ESI preservation request.

### ORDER

Based on the authorities and legal analysis just discussed and the record now before the Court, it is hereby

ORDERED that Chappells' motion[50] for spoliation sanctions is granted in part and denied in part as follows:

---

[48] *Blazer*, 2019 WL 3494785, at *5 (awarding attorney's fees for lost recordings).
[49] Dkt. No. 46 at 16.
[50] Dkt. No. 44.

The jury will be instructed that it *may* presume that the lost truck ESI was adverse to SRT and Cunningham. Reasonable rebuttal of the presumption, however, will be permitted. SRT may still assert contributory negligence as a defense.

**NOTICE**

A party may seek reconsideration of this order before a district judge upon a showing that the order is "clearly erroneous or contrary to law."[51] The parties have 14 days after service of the order to file written objections unless an extension of time for good cause is obtained.[52] Failure to file timely objections will result in the waiver of a party's right to appeal questions of fact.[53] Objections must be specific to trigger review.[54]

DATED this 19th day of May, 2026.

**BY THE COURT:**

**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**

---

[51] 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a).
[52] *See* Fed. R. Civ. P. 72(a).
[53] *Id.*
[54] *See Thompson v. Nix*, 897 F.2d 356, 357-58 (8th Cir. 1990); *Nash v. Black*, 781 F.2d 665, 667 & n.3 (8th Cir. 1986).